# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re* **R.O.**

**No. 18-0527** (Calhoun County 17-JA-42)

**FILED**

**November 21, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Grandparents C.O. and I.O., by counsel F. John Oshoway, appeal the Circuit Court of Calhoun County's May 2, 2018, order vacating their legal guardianship to R.O.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Mindy M. Parsley, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Leslie L. Maze, filed a response on behalf of the child in support of the circuit court's order. On appeal, petitioners argue that the circuit court erred in misinterpreting the basis for petitioners' prior termination, erred in denying petitioners an opportunity to present evidence regarding their change in circumstances, and denied petitioners due process in refusing to consider their past and current circumstances.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In October of 2017, the DHHR filed a petition alleging that petitioners were the legal guardians of R.O. and that they posed imminent danger to the mental, physical, and social well-being of R.O. because their parental rights were terminated to their own children in 1999.[2] According to the DHHR, an abuse and neglect petition was filed in September of 1996 and alleged sexual abuse of a child by petitioner C.O. and physical abuse by petitioner I.O. Following evidentiary hearings in 1998, the circuit court found in its 1998 adjudicatory order

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]The DHHR also alleged that R.O.'s biological parents failed to protect the child by voluntarily placing the child in the guardianship of petitioners.

1

that petitioner C.O. denied sexually abusing his child, but neither he nor I.O. took any action to identify the perpetrator of the abuse the child described. The circuit court further found that I.O. admitted to physically abusing the child and to a drinking problem. Ultimately, the circuit court denied petitioners motions' for improvement periods and terminated petitioners' parental rights in 1999.

The circuit court held a hearing in April of 2017 and, after reviewing the prior 1998 adjudicatory order, found that petitioner C.O. sexually abused his child and that I.O. physically abused another child. Further, petitioners asserted that they wished to stipulate to the allegations of abuse and neglect and did not contest the vacation of their legal guardianship to R.O. Accordingly, the circuit court terminated the legal guardianship and dismissed petitioners from the proceedings. The circuit court memorialized its decision in its May 2, 2018, order. Petitioners now appeal that order.[3]

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, this Court finds no error in the proceedings below.

On appeal, petitioners argue that the circuit court erred and violated their due process rights by refusing petitioners an opportunity to present evidence regarding changes made since their prior termination of parental rights.[4] Additionally, petitioners argue that the circuit court

---

[3]The biological parents retain their parental rights and are participating in improvement periods. According to the parties, the child was placed with his biological mother and the permanency plan for the child is reunification with his parents or adoption in his maternal grandparents' home.

[4]Petitioners' appeal addresses all three assignments of error simultaneously and we find it appropriate to address petitioners' arguments in kind.

erred in its interpretation of the prior termination order. However, we find no error in the proceedings below.

In regard to prior terminations of parental rights, we have previously held the following:

Where there has been a prior involuntary termination of parental rights to [a child], the issue of whether the parent has remedied the problems which led to the prior involuntary termination sufficient to parent a subsequently-born child must, at minimum, be reviewed by a court, and such review should be initiated on a petition pursuant to the provisions governing the procedure in cases of child neglect or abuse set forth in West Virginia Code §§ 49-6-1 to -12 [now West Virginia Code §§ 49-4-601, through 49-4-610.].

Syl. Pt. 2, in part, *In re George Glen B., Jr.*, 205 W.Va. 435, 518 S.E.2d 863 (1999). In this case, the circuit court properly held an evidentiary hearing in which petitioners could have offered evidence regarding the change in their circumstances. However, petitioners admit on appeal that they stipulated to the petition of abuse and neglect and the allegations contained therein. Therefore, petitioners admitted that they posed "imminent danger to the mental, physical, and social well-being of [R.O.]" as contained in the petition. Although petitioners assert that the circuit court prevented them from presenting evidence, petitioners waived their opportunity to contest the allegations contained in the petition. "'Our general rule is that nonjurisdictional questions . . . raised for the first time on appeal, will not be considered.' *Shaffer v. Acme Limestone Co., Inc.*, 206 W.Va. 333, 349 n. 20, 524 S.E.2d 688, 704 n. 20 (1999)." *Noble v. W.Va. Dep't of Motor Vehicles*, 223 W.Va 818, 679 S.E.2d 650 (2009). Petitioners further assert that the circuit court "summarily cut off" their arguments regarding a change in circumstances, but petitioners do not cite to the record in support of this claim. Petitioners were granted an opportunity to present evidence, yet it is clear that they voluntarily waived that right by stipulating to adjudication and to the termination of their legal guardianship. Accordingly, we find no error in the circuit court's order.

Petitioners further argue that the 1998 adjudicatory order indicates that the circuit court adjudicated petitioners for their failure to protect the child, not for sexual abuse as found by this circuit court. However, it is clear from the 1998 adjudicatory order that one of petitioners' children was sexually abused. Moreover, the 1998 adjudicatory order also provides that petitioners' took no action to identify the perpetrators of that abuse. Petitioners were provided an opportunity to challenge the allegations in the petition, but petitioners stipulated to the petition and admitted to being a continued danger to the child R.O. Even if the circuit court's finding is erroneous, petitioners do not deny they continue to pose a danger to a child in their care. Therefore, we find no error in the circuit court's finding that petitioners were adjudicated for sexual abuse of a child in their care.

Lastly, because the proceedings in circuit court regarding the mother and father are still ongoing, this Court reminds the circuit court of its duty to establish permanency for the child. Rule 39(b) of the Rules of Procedure for Child Abuse and Neglect Proceedings requires:

At least once every three months until permanent placement is achieved as defined in Rule 6, the court shall conduct a permanent placement review conference, requiring the multidisciplinary treatment team to attend and report as to progress and development in the case, for the purpose of reviewing the progress in the permanent placement of the child.

Further, this Court reminds the circuit court of its duty pursuant to Rule 43 of the Rules of Procedure for Child Abuse and Neglect Proceedings to find permanent placement for children within twelve months of the date of the disposition order. As this Court has stated,

[t]he [twelve]-month period provided in Rule 43 of the West Virginia Rules of Procedures for Child Abuse and Neglect Proceedings for permanent placement of an abused and neglected child following the final dispositional order must be strictly followed except in the most extraordinary circumstances which are fully substantiated in the record.

*Cecil T.*, 228 W.Va. at 91, 717 S.E.2d at 875, Syl. Pt. 6. Moreover, this Court has stated that

[i]n determining the appropriate permanent out-of-home placement of a child under W.Va.Code § 49-6-5(a)(6) [1996] [now West Virginia Code § 49-4-604(b)(6)], the circuit court shall give priority to securing a suitable adoptive home for the child and shall consider other placement alternatives, including permanent foster care, only where the court finds that adoption would not provide custody, care, commitment, nurturing and discipline consistent with the child's best interests or where a suitable adoptive home can not be found.

Syl. Pt. 3, *State v. Michael M.*, 202 W.Va. 350, 504 S.E.2d 177 (1998). Finally, "[t]he guardian ad litem's role in abuse and neglect proceedings does not actually cease until such time as the child is placed in a permanent home." Syl. Pt. 5, *James M. v. Maynard*, 185 W.Va. 648, 408 S.E.2d 400 (1991).

For the foregoing reasons, we find no error in the decision of the circuit court, and its May 2, 2018, order is hereby affirmed.

Affirmed.

**ISSUED**:  November 21, 2018


**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice Evan H. Jenkins
Justice Paul T. Farrell sitting by temporary assignment

4